United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELE R. GRAY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-02753 |
| § | |
| GC SERVICES, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Plaintiff brings this action based on alleged discrimination stemming from her employment with Defendant. Currently pending before the Court is Defendant's Motion for Dismiss (Doc. 4.) The Court heard arguments on the Motion on November 9, 2022 and again on January 10, 2023. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses Plaintiff's case **WITH PREJUDICE**.

I.  BACKGROUND

   A.  Alleged Facts

Plaintiff is a pro se, 56-year-old, disabled single parent. (Doc. 1 at 1.) Defendant, a Houston-based outsourcing company, hired Plaintiff for employment as a home-based customer service representative. (Doc. 4 at 9.) At the time, she was a Nevada resident. *Id.* On June 14, 2019, Plaintiff signed an arbitration agreement requiring her to submit all disputes with Defendant related

to her employment to arbitration. (Doc. 6.)[1] Defendant submitted her resignation in January 2020. She planned to give about ten days' notice, but Defendant terminated her immediately. (Doc. 1 at 2.) Defendant alleges this is because it learned she was living in New York rather than Nevada. (Doc. 4 at 10.)

Plaintiff alleges that her employer harassed her about age-related matters to get her to quit, hired only younger employees, overlooked her for work assignments, isolated and left her out of training, and gave her poor performance reviews. She also alleges that her employer failed to provide reasonable accommodations. Several months following her departure, Plaintiff was diagnosed with diverticular disease, which she alleges was caused by stress related to Defendant's actions. (Doc. 1 at 1-2.)

### B. Procedural History

Three other court cases have preceded the present case. First, in June 2020, Plaintiff sued Defendant in the Northern District of New York ("New York federal case"), Case 1:20-cv-00714-TJM-ATB, broadly based on the same alleged facts. Plaintiff alleged tortious conduct. (Doc. 6-1.) A magistrate judge sua sponte recommended dismissal without prejudice to filing an amended complaint concerning claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Doc. 6-2.) Plaintiff then filed an amended complaint under Title VII, the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), as well as common law claims of intentional infliction of emotional distress, tortious interference, and breach of contract. (Doc. 6-3.) The

---

[1] Defendant subsequently amended the agreement, allegedly based on a National Labor Relations Board decision compelling revision. (Docs. 6-11 at 7-8; 10 at 18-19.)

magistrate judge, again sua sponte, recommended dismissal for failure to state a claim. (Doc. 6-5.) The district court adopted the magistrate judge's recommendations in both cases. It dismissed the complaint for failure to state a claim, allowing 60 days to replead the ADEA claim and dismissing all other claims with prejudice. (Docs. 6-4; 6-6.) Plaintiff did not replead her ADEA claims. (Doc. 6-7.) The court entered final judgment in May 2021; Plaintiff subsequently tried to file motions to reopen, reconsider, and appeal—the district court denied each. Plaintiff never served Defendant in the case.

Plaintiff then brought nearly identical lawsuits in the Rensselaer County Supreme Court ("New York state case"), and Maricopa County Superior Court ("Arizona state case") based on the same federal and common law claims and new state law claims. (Docs. 6-8; 6-10.) Both courts dismissed the claims as barred by res judicata; the Arizona court also dismissed for failure to state a claim. (Docs. 6-10; 6-11.) In September, an Arizona Court of Appeals vacated and remanded the Maricopa County Superior Court decision, finding the court needed to address the issue of arbitration before addressing the merits of the appeal. (Doc. 10 at 7-12.) No court has determined whether the claims are subject to arbitration; however, Defendant raised these issues in the Arizona and New York state cases. (Docs. 6-10; 6-11.)

Plaintiff brought the present lawsuit in August 2022, asserting negligence and negligence per se and violations of the ADA and ADEA against Defendant for failure to defend against harassment and causation of stress-related injuries. Defendant argues the Court should dismiss these claims or compel them to arbitration under Rule 12(b)(3) and (b)(6) because they: (1) are barred by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), (2) are barred by the doctrine of res judicata, and (3) must be dismissed for failure to state a claim. Defendant filed this Motion to Dismiss in September 2022. (Doc. 4.) Plaintiff filed a brief response that did not address the

substance of Defendant's arguments. (Doc. 5.) Plaintiff filed an amended response following an initial court hearing. (Doc. 10.)

## II. DEFENDANT'S MOTION TO DISMISS

### A. Order of Inquiry

Defendant presents three theories for dismissal. It argues that Plaintiff's claims (1) are barred by the FAA, (2) are barred by the doctrine of res judicata, and (3) can be dismissed for failure to state a claim. In her amended response, Plaintiff argues that the Court must reach the issue of arbitration before determining whether her claims are barred by res judicata. (Doc. 10 at 4.)

In determining whether to compel arbitration, a court must inquire whether "(1) [there is] a valid agreement to arbitrate the claims and (2) [] the dispute in question falls within the scope of that arbitration agreement." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). The arbitration agreement Plaintiff signed with Defendant states that "all legally cognizable disputes . . . must be resolved by final and binding arbitration." (Doc. 6 at 1). The amended agreement requires arbitration of "all disputes, claims, or complaints that involve legally protected rights." (Doc. 10 at 18.) Regardless of which arbitration agreement governs, this Court must consider whether and which of Plaintiff's claims are cognizable before determining the appropriate venue to adjudicate the merits of such claims. Accordingly, the Court begins with an inquiry into whether Plaintiff's prior lawsuits bar her current claims.

### B. Whether Res Judicata Bars Plaintiff's Claims

#### 1. Rule 12(b)(6) Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In evaluating a motion to dismiss, the Court may consider: "(a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Sparks v. Tex. Dep't of Transp.*, 144 F.Supp.3d 902, 903 (S.D. Tex. 2015).

"Generally, a party cannot base a 12(b)(6) motion on res judicata. That doctrine must be pleaded as an affirmative defense." *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977). However, "[w]ith respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss." *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir.1952); *see also Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) ("[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate.") In this case, the prior federal and state court holdings are matters of public record.

#### 2. Analysis

Under the principle of res judicata, "a final judgment on the merits . . . precludes the parties . . . from relitigating issues that were or *could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). "The test for res judicata has four elements: (1) the

parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

The first two elements are easily determined. First, the parties in the previous proceedings are identical to those in the current lawsuit. Second, Plaintiff does not challenge the jurisdiction of the prior courts to render judgment. However, Plaintiff does challenge the third and fourth elements.

Concerning the third element, Plaintiff argues that no final judgment has been rendered as she has not had the opportunity to be heard before a court. Despite Plaintiff's arguments, her claims against Defendant have been dismissed with prejudice by two different courts. The Northern District of New York dismissed Plaintiff's action for failure to state a claim. (Doc. 6-6.) And, the Rensselaer County Supreme Court dismissed based on res judicata. (Doc. 6-11.)[2]

A dismissal with prejudice is a final judgment on the merits for preclusion.[3] *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Oreck Direct*

---

[2] In addition, as previously discussed, an Arizona state court dismissed for failure to state a claim and for res judicata; however, a superior court vacated the decision. (Docs. 6-10; 10 at 7-12.)

[3] Such a dismissal is final even where a court dismisses claims sua sponte. Courts maintain the inherent authority to dismiss an action without a motion by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Fifth Circuit maintains that a procedure is fair if the plaintiff had "notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). In the case of the New York federal case, Plaintiff does not contend that she lacked notice of the magistrate judge's Report and Recommendation or that she lacked an opportunity to contest his findings. The record suggests that the New York federal court allowed Plaintiff to object and replead some of her claims. Plaintiff availed herself of neither opportunity.

*LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (2009) (stating that the "district court's dismissal of the case with prejudice was a final judgment on the merits"); *Fernandez–Montes v. Allies Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'"). Therefore, courts have rendered multiple final judgments in this case.

Finally, concerning the fourth element, Plaintiff argues that she has raised new issues with this Court. The Fifth Circuit has adopted the "transactional test" to determine whether the moving party asserted the same claim or cause of action in both actions. *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992)). "The critical issue [in] this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts' . . . *rather than the type of relief requested, substantive theories advanced, or types of rights asserted.*" *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010) (internal citations omitted) (emphasis added). Deciding whether the same nucleus of operative facts is present requires that the Court analyze "the factual predicate of the claims asserted." *In re Ark–La–Tex Timber Co.*, 482 F.3d at 330. "What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation." *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (2004) (citing Restatement (Second) of Judgments § 24(2) (1982)).

In the present case, Plaintiff's claims revolve around the same set of interactions between herself and her employer in all four lawsuits—her employer's failures to train and support her properly, her employer's failure to allow her to perform her duties, their unwarranted warnings to her, and their refusal to allow Plaintiff to work through the last days of her employment. While

some details and legal theories diverge across the cases, the basic facts forming the causes of action remain the same.

### III.   CONCLUSION

Plaintiff's prior proceedings bar her current claims. Because both New York state and federal courts have already dismissed allegations arising from Plaintiff's employment and termination, this Court need not reach the issue of arbitration. Should Plaintiff have concerns about the procedures followed or the outcomes reached in this case, she should pursue appeals. Because other courts have already found Plaintiff's claims to be non-cognizable, the Court need not determine whether Plaintiff is bound to arbitrate her claims.

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on January 11, 2023.

Keith P. Ellison
United States District Judge